FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARINA C., | No. 2:20-CV-00473-JAG |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney D. James Tree represents Karina C. (Plaintiff); Special Assistant United States Attorney Jamala Edwards represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Plaintiff's Motion for Summary Judgment; and **GRANTS** Defendant's Motion for Summary Judgment.

## I.    JURISDICTION

Plaintiff filed an application for Supplemental Security Income on April 16, 2018, alleging disability since August 20, 2016,[1] due to sleep apnea, learning disorder, full-scale IQ of 77, bipolar, anxiety, PTSD, ADHD, and depression. Tr. 66-67. The application was denied initially and upon reconsideration. Tr. 94-97,

---

[1] At the hearing Plaintiff amended her alleged onset date to the protected filing date, April 16, 2018. Tr. 39.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

101-03. Administrative Law Judge (ALJ) M.J. Adams held a hearing on January 8, 2020, Tr. 36-64, and issued an unfavorable decision on April 28, 2020. Tr. 15-29. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on October 28, 2020. Tr. 1-6. The ALJ's April 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 23, 2020. ECF No. 1.

## II.  STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was born in 1993 and was 24 years old when she filed her application. Tr. 28. She was in special education throughout her schooling and received a high school diploma. Tr. 28, 281, 591. She has a minimal work history, last having worked in 2016 for two months at McDonald's. Tr. 42-44, 204. She had a difficult childhood, having been abused by various family members, and was the victim of domestic violence at the hands of her husband. Tr. 315, 386, 590. In 2018, Plaintiff experienced issues with methamphetamine abuse, alcohol abuse, cannabis use, and use of amphetamine-type substances.  Tr. 24. Her mental health deteriorated when her children were removed from her home, and in May 2019 she attempted suicide by overdose. Tr. 281, 591, 805, 1225, 1315. Plaintiff continued to experience issues with child custody throughout 2019. Tr. 21.

## III.  STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 2

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 3

## V. ADMINISTRATIVE FINDINGS

On April 28, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-29.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 18.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder, borderline intellectual functioning, bipolar disorder, general anxiety disorder, attention deficit hyperactivity disorder, and posttraumatic stress disorder. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-22. The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at all exertional levels, with the following non-exertional limitations:

> She can understand, remember and carry out simple instructions; and exercise simple workplace judgment. She can perform work that is learned on the job in less than 30 days by short demonstration and practice or repetition. She can respond appropriately to supervision, and can have superficial interaction with coworkers. She can deal with occasional changes in the work environment. She can work in jobs that do not require interaction with the general public to perform the work task. This does not preclude the general public being present in the work area.

Tr. 22.

At **step four**, the ALJ found Plaintiff had no past relevant work. Tr. 28.

At **step five** the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the

representative occupations of hand packager, auto detailer, and laundry worker. Tr. 28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 29.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the Commissioner erred by: (1) improperly rejecting Plaintiff's testimony; and (2) improperly evaluating the medical opinion evidence.

## VII.  DISCUSSION

**A.    Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 16 at 6-12.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23. The ALJ found Plaintiff's complaints were unsupported by the objective evidence of record and undermined by evidence of noncompliance with treatment, potential drug seeking, and Plaintiff's and her providers' statements throughout the record. Tr. 23-25.

Plaintiff argues the ALJ's rationale is insufficient, as the ALJ selectively cited the record and ignored the context of Plaintiff's statements and behaviors. ECF No. 16 at 6-12. Defendant argues the ALJ reasonably evaluated the record and pointed to substantial evidence of benign clinical findings, inconsistent statements, noncompliance with treatment, and substance abuse. ECF No. 17 at 3-10.

The Court finds the ALJ offered clear and convincing reasons for discounting Plaintiff's reports. An ALJ may consider inconsistent statements by the claimant in assessing the reliability of her symptoms. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). An ALJ may also reasonably question a claimant's allegations if they are inconsistent with her demonstrated activities. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ considered all of these factors.

Furthermore, while it cannot serve as the sole basis for disregarding a claimant's reports, support from objective medical evidence is a relevant factor in determining the severity of the claimant's symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's interpretation of the objective records as not substantiating Plaintiff's complaints was reasonable and supported by the record. While Plaintiff offers an alternative interpretation of the objective evidence, her arguments do not amount to demonstrating legal error on the part of

the ALJ. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ did not err.

**B.    Medical Opinion Evidence.**

Plaintiff argues the ALJ erred in evaluating the medical opinions from consultative examiner Dr. Thomas Genthe and Brook Sjostrom, MS, LMHC. ECF No. 16 at 12-19.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

    1.    <u>**Dr. Genthe.**</u>

Plaintiff attended a consultative psychological exam with Dr. Thomas Genthe in February 2018. Tr. 292-302. Dr. Genthe diagnosed Plaintiff with bipolar disorder, PTSD, ADHD, and borderline intellectual functioning. Tr. 295. He opined she was markedly and severely limited in numerous work-related functional categories, and concluded that Plaintiff was unlikely to be able to function adequately from a psychological perspective until her symptoms were better managed. Tr. 295-96.

The ALJ found this opinion to be unpersuasive, finding Dr. Genthe offered no explanation to justify his answers and did not review any of Plaintiff's medical records. Tr. 27. The ALJ further concluded that the marked and severe limits were inconsistent with the exam and the record as a whole. *Id.*

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

Plaintiff argues the ALJ erred, as Dr. Genthe offered a lengthy discussion and explanation of his findings and noted abnormal results on the mental status exam. ECF No. 16 at 14-17. She further asserts the ALJ failed to identify what inconsistencies existed between the report and the record as a whole, or what medical evidence Dr. Genthe could have reviewed that would likely have changed his position. *Id.* at 16-18. Defendant argues the ALJ reasonably interpreted the exam findings and the remainder of the record, and reasonably found the opinion to be unsupported by a sufficient explanation, given the clinical testing. ECF No. 17 at 15-17.

The Court finds the ALJ's discussion is supported by substantial evidence. The ALJ reasonably considered the basis of Dr. Genthe's opinion, including failure to review Plaintiff's longitudinal history. The ALJ cited to the record many instances across the medical record that may have altered Dr. Genthe's opinion, had Dr. Genthe reviewed the record. The ALJ also reasonably relied upon contradictions between Dr. Genthe's mental status exam and clinical testing and Dr. Genthe's checkbox conclusions.

    **2.** *<u>Ms. Sjostrom.</u>*

In March 2019, Ms. Brooke Sjostrom complete a medical source statement opining Plaintiff was markedly limited in a number of work-related functional abilities, and opined that she would continue to be so limited for six to twelve months. Tr. 707-13. The ALJ found this opinion to be unpersuasive, noting it was an overestimate of the severity of Plaintiff's restrictions based only on a snapshot of her functioning at a time when she had been off her medication for quite some time. Tr. 27. The ALJ found Plaintiff's symptoms and limitations improved after she restarted treatment. *Id.*

Plaintiff argues the ALJ's rationale is not supported by the evidence, which indicated she had restarted her medications prior to this exam and had seen some improvement. ECF No. 16 at 18-19. Defendant argues the ALJ's conclusion was

supported by substantial evidence. ECF No. 17 at 17-19. The Court agrees; the ALJ's conclusion was supported by substantial evidence.

### VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 21, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10